IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT CURTIS,

    Plaintiff,

v.

BUREAU OF LAND MANAGEMENT, et al.,

    Defendants

No. C-05-4963 MMC

**ORDER DENYING PLAINTIFF'S PETITION FOR REHEARING**

    Before the Court is plaintiff's "Petition for Rehearing for Breach of (CFRs)" ("Petition"), filed November 19, 2009.[1]  Having read and considered the Petition, the Court hereby rules as follows.

    On April 14, 2006, judgment in favor of defendants and against plaintiff was entered on the Court's April 13, 2006 order dismissing plaintiff's complaint with prejudice.  In its April 13, 2006 order, the Court found plaintiff's claims were barred by res judicata because the same claims had been alleged in a prior action, which prior action had been dismissed with prejudice.  On October 11, 2006, the Court of Appeals for the Ninth Circuit dismissed plaintiff's appeal from the April 14, 2006 judgment, for the reason plaintiff failed to prosecute his appeal.

    By the instant Petition, plaintiff requests that the dismissal of the instant complaint be "voided."  (See Petition at 35.)  Consequently, the Court construes the Petition as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

---

[1] The above-titled action was reassigned to the undersigned on December 15, 2009.

1  Under Rule 60(b), the court may grant relief from a judgment for the following
2  reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b).

Here, plaintiff asserts he is entitled to relief from the judgment entered in 2006 because there is "sufficient Probable Cause to dissolve this corrupt form of government for intentional failure to protect [plaintiff] from HARM" (see Petition at 6), "all federal & state courts have consistently refused/denied all attempts by [plaintiff] to obtain a Jury Trial – thereby unconstitutionally suspending [plaintiff's] Habeas Corpus" (see Petition, at 18), plaintiff, prior to filing the instant action in 2005, "sent by dog sled 'SOS 911 HELP SOS 911 HELP' letter to all guilty parties" (see Petition at 25), the "government has attempted to MURDER [plaintiff] four times" (see Petition at 35), and there has been an "obstruction of justice by Ninth Circuit judges" (see Petition at 7). Additionally, plaintiff asserts, he is entitled to a trial so that he can "take great pleasure in legally executing the prejudice [sic] lying diamond bribed Indian bastard." (See Petition at 22.) Finally, plaintiff observes that he has filed over thirty complaints against the "(corrupt) form of government," each of which has been, according to plaintiff, "improperly [d]ismissed" and "illegally obstructed." (See Petition at 6, 22.)

The Court finds the grounds asserted by plaintiff are insufficient to demonstrate his entitlement to relief under Rule 60(b).

Accordingly, the Petition is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  December 23, 2009

MAXINE M. CHESNEY
United States District Judge

2